UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

MARK MORELOCK, )
)
    Petitioner, ) Civil Action No. 12-50-HRW
)
V. )
)
M. SEPANEK, WARDEN, ) **MEMORANDUM OPINION**
) **AND ORDER**
    Respondent. )

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Mark Morelock is an inmate confined in the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his removal from his job at the prison. [D.E. No. 1] The Court has reviewed the petition,[1] but must deny relief

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

because under the circumstances presented Morelock may not pursue his claims in a habeas corpus proceeding.

In his petition, Morelock alleges that he had been employed as a Recycling Equipment Operator at the prison for approximately twenty months when he was terminated from that position, ostensibly for abusing the equipment. Morelock contends that the equipment broke down because the prison failed to properly maintain it, not because he abused it. [D.E. No. 1 at 3] Morelock seeks a declaratory judgment that the BOP's Program Statements are facially invalid, reinstatement to his prison job, and back pay. [D.E. No. 1 at 6]

The Court must deny Morelock relief in this proceeding because he has chosen the wrong mechanism to pursue his claims. The Supreme Court has explained that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammed v. Close*, 540 U.S. 749, 750 (2004). The loss of a prison job affects only the conditions of his confinement; because it does not affect either the validity of his conviction or the duration of his sentence, it may not be challenged in a habeas corpus proceeding. *Hodges v. Bell*, 170 F. App'x 389, 390 (6th Cir. 2006); *Buelna v. Walton*, No. 11-15059, 2012 WL 314086, at *1 (E.D. Mich. Jan. 31, 2012); *Lutz v. Hemingway*, 476

F. Supp. 2d 715, 719 (E.D. Mich. 2007); *Santos v. Ebbert*, No. 3:CV-10-1746, 2010 WL 5019061, at *3 (M.D. Pa. Sept. 23, 2010).

Because the actions about which Morelock complains had no effect on the duration of his sentence, they must be pursued as civil rights claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). *Cf. Nerasin v. Lappin*, No. 11-1190, 2011 WL 5361274, at *5 (N.D. Ohio Nov. 3, 2011) ("habeas jurisdiction, even in cases attacking the execution of a prisoner's sentence, only attaches if the prisoner is challenging a BOP decision that ultimately affects the length of his confinement"); *Ricco v. Conner*, 146 F. App'x 249, 253-54 (10th Cir. 2005) (federal prisoner's challenge to disciplinary conviction not resulting in loss of good time credits not cognizable in habeas); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). The Court will therefore deny the petition without prejudice to Morelock's right to assert his claims in a civil rights proceeding. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Accordingly, **IT IS ORDERED** that:

1. Morelock's petition for a writ of habeas corpus [D.E. No. 1] is **DENIED**.
2. The Court will enter an appropriate judgment.

3

3. This matter is **STRICKEN** from the active docket.

This the 12th day of September, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

4